UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUGUST McKINLEY WILLIAMS,

       Plaintiff,                               Case No. 1:06-cv-837

v.                                                      Honorable Gordon J. Quist

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Plaintiff has paid the filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.      Factual allegations

Plaintiff is presently incarcerated at the Bellamy Creek Correctional Facility (IBC). In his *pro se* complaint, he sues the Michigan Department of Corrections (MDOC) and the following IBC employees: Anna Estes, Library Technician; Delan Howard, Corrections Officer; D. Angel, Corrections Officer; and Debra Drake, Assistant Resident Unit Supervisor.

Plaintiff complains of the confiscation of his state habeas corpus petition pursuant to MDOC policy that prohibits prisoners from receiving mail regarding Uniform Commercial Code (UCC) actions. *See* MICH. DEP'T OF CORR., Policy Directive 05.03.118, ¶ HH(23) (effective Jan. 1, 2006) (Prohibiting prisoners from receiving mail regarding UCC actions because they could be used to harass or threaten another individual). In July 2005, Plaintiff filed a habeas petition in Ionia County Circuit Court. Shortly thereafter, Plaintiff attempted to make copies of the petition and its supporting documents for service on IBC Warden Kenneth McKee. After reviewing the petition, however, Library Technician Estes requested Correction Officers Howard and Angel to examine Plaintiff's pleadings for restricted UCC material. Officers Howard and Angel subsequently removed several pages of the pleadings from Plaintiff's possession. Although Plaintiff urged Officers Howard and Angel that he was required to serve a copy of the pleadings upon the respondent, Officer Angel refused. Officer Angel responded: "[A] habeas corpus action held [sic] no merit 'here' and we don't have to pay any attention to any order issued by any court." (Attach. to Compl. at 4-5.)

Library Technician Estes ultimately confiscated two pages of the pleadings as contraband and initiated a Notice of Intent to Conduct an Administrative Hearing against Plaintiff.

Corrections Officer Angel also confiscated forty-one pages of Plaintiff's pleadings as contraband and issued a Notice of Intent to Conduct an Administrative Hearing against Plaintiff. On July 29, 2005, Corrections Officer Drake held two "informal" administrative hearings, finding that Plaintiff's habeas petition was an attempted UCC action in both hearings. (Attach. to Compl. at 5-6.) Defendant Drake therefore ordered all of the confiscated pages to be destroyed. Nevertheless, Plaintiff alleges that IBC staff requested the return of Plaintiff's pleadings on August 17, 2005 but Plaintiff never received twelve pages of his pleadings and research.

Plaintiff alleges that Defendants violated his First Amendment right of access to the courts and to file grievances without suffering retaliation. Plaintiff also argues that Defendants engaged in a conspiracy to deprive him of access to the courts. For relief, Plaintiff requests declaratory and injunctive relief, as well as monetary damages.

II. Immunity

Plaintiff may not maintain a § 1983 action against the Michigan Department of Corrections. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment.

*See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr. 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992); *Adams v. Mich. Dep't of Corr.*, No. 86-1803, 1987 WL 36006, at *1 (6th Cir. May 7, 1987). In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, I recommend that the Court dismiss the Michigan Department of Corrections as a Defendant.

       III.     Failure to state a claim[1]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

---

[1] Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). It does not appear that Plaintiff properly exhausted his claims against each of the named Defendants. However, the Court need not first require exhaustion of available administrative remedies when the claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998). Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the Court will dismiss his action without first requiring Plaintiff to exhaust any available administrative remedies.

A. **First Amendment - Access to the Courts**

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In his complaint, Plaintiff fails to specifically allege how Defendant's actions adversely affected or prejudiced his habeas corpus action in the state trial or appellate courts. Plaintiff argues that twelve pages of his confiscated habeas corpus pleadings and research were never returned to him by Defendants. As Plaintiff successfully continued his state habeas corpus action in the Ionia County Circuit Court and appealed the trial court's decision to the Michigan

Court of Appeals (docket #2669980[2]) without the confiscated materials, he failed to demonstrate actual injury. (Attach. to Compl. at 8.) Further, Plaintiff does not allege that the Ionia County Circuit Court dismissed his habeas action for lack of service of process. Plaintiff, therefore, fails to state a First Amendment claim against Defendants.

> B.    **First Amendment - Retaliation**

Plaintiff also asserts retaliation in his *pro se* complaint. Plaintiff alleges that Defendants retaliated against him for exercising his First Amendment right of access to the courts by confiscating twelve pages of his habeas corpus pleadings and research, and interfering with the service of process of his habeas corpus petition. (Attach. to Compl. at 15.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X*, 175 F.3d at 394. In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of habeas corpus actions are constitutionally-protected conduct for which a prisoner cannot be retaliated against. *Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002). Plaintiff

---

[2] Plaintiff states that he appealed his application for habeas corpus relief to the Michigan Court of Appeals in docket number 2669980. Upon review of the appellate court filings from the Michigan Court of Appeals website at http://www.courtofappeals.mijud.net, this Court finds the correct Michigan Court of Appeals' docket number for Plaintiff's habeas case is No. 266980.

alleges that Defendants retaliated against him after he filed an application for habeas corpus relief against IBC Warden Kenneth McKee in Ionia County Circuit Court. Plaintiff fails to establish a causal connection between the confiscation of his legal material and his protected activity. *See Bell v. Ohio Adult Parole Auth.*, 23 F. App'x 478, 479 (6th Cir. 2001). Defendants have no interest in Plaintiff's habeas action against IBC Warden Kenneth McKee. Thus, Plaintiff fails to establish a retaliation claim under the First Amendment.

### C. **Sections 1985 and 1986 Conspiracy Claims**

Plaintiff argues that Defendants engaged in a conspiracy against him. To maintain a cause of action for conspiracy under 42 U.S.C. § 1985(3), a plaintiff must establish the following four elements:

> (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.

*Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994)). The plaintiff further must demonstrate that the conspiracy was motivated by a class-based animus, such as race. *Johnson*, 40 F.3d at 839; *see also Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996); *Seguin v. City of Sterling Heights*, 968 F.2d 584, 590 (6th Cir. 1992); *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992). Plaintiff has not alleged or established that he is a member of a "discrete and insular" minority accorded "special protection under the Equal Protection Clause because of inherent personal characteristics." *Seguin*, 968 F.2d at 590. Accordingly, I recommend that Plaintiff's § 1985 conspiracy claim be dismissed.

Section 1986 imposes liability on those who have knowledge of the wrongs prohibited by § 1985 but failed to prevent them. *Seguin*, 968 F.2d at 590. Absent a violation of

§ 1985, a plaintiff may not maintain an action under § 1986. *See Seguin*, 968 F.2d at 590; *Browder v. Tipton,* 630 F.2d 1149, 1155 (6th Cir. 1980). As Plaintiff's § 1985 claims are subject to dismissal, I recommend that his claims under 42 U.S.C. § 1986 must also be dismissed.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated: January 16, 2007         /s/ Hugh W. Brenneman, Jr.
                                Hugh W. Brenneman, Jr.
                                United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).