UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AUGUST McKINLEY WILLIAMS,

    Plaintiff,

v.                                                                                            Case No. 1:06-CV-837

MICHIGAN DEPARTMENT OF                                             HON. GORDON J. QUIST
CORRECTIONS, et al.,

    Defendants.
_____/

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the report and recommendation dated January 16, 2007, in which Magistrate Judge Brenneman recommended that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim and because Plaintiff seeks monetary relief from a defendant immune from such relief. In particular, the magistrate judge concluded that the Michigan Department of Corrections ("MDOC") was immune from suit under the Eleventh Amendment. He also concluded that: (1) Plaintiff's denial of access to the courts claim fails because Plaintiff does not allege how Defendants' actions prejudiced his habeas corpus proceeding; (2) that Plaintiff's retaliation claim fails because the facts alleged do not give rise to a causal connection between the confiscation of Plaintiff's legal material and his protected activity; and (3) that Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 fail because Plaintiff does not allege that he is a member of a discrete minority accorded special protection under the Equal Protection Clause. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted in all respects except with regard to the magistrate judge's conclusion on Plaintiff's retaliation claim.

Plaintiff first asserts the magistrate judge incorrectly concluded that Plaintiff may not sue the MDOC because such suits are permitted under *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908). Plaintiff's reliance on *Ex parte Young* is misplaced. That case holds that suits against state officials in their official capacity for prospective injunctive relief are permissible because they are, in effect, suits against the officials in their individual capacities. It does not sanction suits against the state itself, as Plaintiff suggests.

Plaintiff next asserts that the magistrate judge incorrectly held that Plaintiff failed to allege an actual injury in connection with his state habeas action. This argument also fails. Although Plaintiff alleges that he was not permitted to serve his state habeas action in the manner he desired, he concedes that service was nonetheless made because the respondent filed an answer.

With regard to his retaliation claim, Plaintiff contends that the magistrate judge improperly concluded that Plaintiff failed to allege a causal connection between his filing of his state habeas case and the confiscation of his legal materials by Defendants. The magistrate judge reached this conclusion based upon his reasoning that Defendants have no interest in Plaintiff's habeas action against the warden. Plaintiff alleged, however, that Defendants confiscated his materials in order to protect the warden from Plaintiff's action. The Court agrees with Plaintiff that he has alleged sufficient facts to state a retaliation claim against Defendants. While Defendants may ultimately show that they confiscated the materials based upon the MDOC's policy against allowing prisoners to possess UCC materials rather than based upon retaliatory motives, at this point, Plaintiff's retaliation claim must be allowed to proceed.

Finally, with regard to Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986, Plaintiff concedes that he is not a member of a "discrete and insular" minority afforded the protection the Equal Protection Clause. He further concedes that the magistrate judge properly conclude that he cannot maintain claims under §§ 1985 and 1986. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 22, 2007 (docket no. 7) is **ADOPTED IN PART AND REJECTED IN PART**. The report and recommendation is adopted with respect to all issues except the magistrate judge's conclusion regarding Plaintiff's retaliation claim. Accordingly, Plaintiff may proceed solely upon that claim.

Dated: March 9, 2007                                        /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                              UNITED STATES DISTRICT JUDGE