UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AUGUST McKINLEY WILLIAMS,

    Plaintiff,

v.                                             Case No. 1:06-CV-837

MICHIGAN DEPARTMENT OF              HON. GORDON J. QUIST
CORRECTIONS, et al.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

       The Court has before it Plaintiff's objections to the report and recommendation dated January 10, 2008, in which Magistrate Judge Brenneman recommended that Defendants' motion for summary judgment on Plaintiff's retaliation claim be granted and the case dismissed. In a previous order entered on March 9, 2007, the Court adopted the magistrate judge's January 16, 2007, report and recommendation in part but rejected the portion recommending dismissal of Plaintiff's retaliation claim. Thereafter, Defendants moved for summary judgment on the retaliation claim. In his January 10, 2008, report and recommendation, the magistrate judge concluded that Defendants are entitled to summary judgment because Plaintiff failed to present sufficient evidence showing a causal connection between his protected conduct and the adverse action. That is, Plaintiff failed to show that his protected conduct was a substantial or motivating factor in Defendants' confiscation of Plaintiff's documents, which included prohibited Uniform Commercial Code ("UCC") materials.

       After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted and Plaintiff's complaint dismissed.

In his objections, Plaintiff states that he did not file an abusive UCC action in state court but, instead, a habeas corpus action; his habeas petition was signed and notarized by ARUM Drake, and was thus filed with the knowledge and approval of prison staff; his name is in the public domain and can be used by anyone; and he merely named the warden in the habeas petition as the person having custody of him.  Even if these statements were true, they fail to show that Defendants were motivated by unlawful retaliation.  Rather, as the magistrate judge concluded, the evidence shows that Defendants confiscated Plaintiff's materials based upon their determination that Plaintiff was in violation of MDOC policies prohibiting the possession of UCC materials.  Moreover, the magistrate judge's characterization of the materials in Plaintiff's state habeas petition as contraband intended to harass or intimidate government officials is entirely accurate.  Accordingly, the Court finds Plaintiff's objections to be without merit.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 10, 2008 (docket no. 25) is **ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket no. 18) is **GRANTED**, and Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that there is no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 144 F.3d 601, 611 (6th Cir. 1997).

This case is **concluded**.


Dated: February 29, 2008              /s/ Gordon J. Quist
                                                                GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE